**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MATTHEW RUSSELL LEE,

Plaintiff,

v.

EUGENE J. CORCORAN, in his official capacity as District Executive of the United States District Court for the Eastern District of New York; MICHAEL LOGUERCIO, in his official capacity as an employee of the District Executive's office; JOHN MARZULLI, in his official capacity as spokesman for the United States Attorney's Office for the Eastern District of New York; and JOSEPH NOCELLA JR., in his official capacity as United States Attorney for the Eastern District of New York,

Defendants.

Case No.

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**Motion for Temporary Restraining Order and Preliminary Injunction Filed Concurrently**

Plaintiff Matthew Russell Lee, for his Complaint against Defendants, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff is a journalist and an attorney admitted to practice in the Eastern District of New York as well as in this District. On November 4, 2026, during two federal criminal trials in Brooklyn, the spokesman for a party to those trials, the US Attorney's Office, told Plaintiff that he was contacting the court's District Executive. Soon afterward, staff of the District Executive's office directed Court Security Officers to take Plaintiff's press passes for both trials and escort him out

of the courthouse. No judge ordered this. Plaintiff received no notice, no statement of reasons and no opportunity to respond.

2. Plaintiff seeks a declaration that this action violated the First and Fifth Amendments, the restoration of his press passes, and either in-house press status in the EDNY's Brooklyn courthouse or published criteria and a fair process for deciding it, which Plaintiff believes would result in the same in-house status in EDNY as Plaintiff has had in SDNY since 2019. Plaintiff seeks no money damages.

3. Because the trials are under way and each day of exclusion causes irreparable harm - the US v. Huawei trial has closing argument scheduled for Monday, November 16 and US v. Clase, et al. is set to conclude by December 3, 2026 or earlier, Plaintiff is filing with this Complaint a motion for a temporary restraining order and preliminary injunction, with a supporting declaration and memorandum of law. This Complaint is verified and may be considered with that motion. Fed. R. Civ. P. 65(b)(1)(A).

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331, 2201 and 2202 and 5 U.S.C. § 702. Plaintiff also invokes 28 U.S.C. § 2412 as to costs and fees.

5. Venue is proper in this District under 28 U.S.C. § 1391(e)(1) because Defendants are officers or employees of the United States sued in their official

capacities, no real property is involved, and Plaintiff resides in this District (and works out of the SDNY Press Room here).

## PARTIES

6. Plaintiff Matthew Russell Lee publishes Inner City Press on the Internet, on @InnerCityPress on X and on platforms and resides in New York, New York.

7. Defendant Eugene J. Corcoran is the District Executive of the United States District Court for the Eastern District of New York. He is sued in his official capacity.

8. Defendant Michael Loguercio is an employee of the District Executive's office. He is sued in his official capacity.

9. Defendant John Marzulli is the spokesman for the United States Attorney's Office for the Eastern District of New York ("USAO-EDNY"). He is sued in his official capacity.

10. Defendant Joseph Nocella Jr. is the United States Attorney for the Eastern District of New York. He is sued in his official capacity.

## FACTS

### A. Plaintiff and his coverage of the Eastern District

11. Plaintiff publishes Inner City Press, which covers among other things federal courts, including the Southern and Eastern Districts of New York. Plaintiff holds in-house press status in the Southern District of New York.

12. Plaintiff is also an attorney admitted to practice federally in this District, the Eastern District of New York (admitted August 19, 2026), the District of Columbia, and the Second Circuit.

13. Plaintiff has covered United States v. Clase de la Cruz, et al., 25-cr-346 (KAM), and United States v. Huawei, 18-cr-457 (AMD), both in Brooklyn, and held press passes for both. Both trials were under way on November 4, 2026 and remain under way.

**B. The rules on devices and press passes**

14. Administrative Order 2025-02 of the Eastern District of New York, signed on March 31, 2025, permits attorneys who show proof of bar membership to bring electronic devices into Eastern District courthouses. A presiding judge may limit the use of devices in his or her courtroom.

15. The District Executive's office issues press passes. Its press pass application states that devices are not permitted in the courtroom or the overflow room, provides a separate media room, and states that violators lose press privileges. Neither the application nor any other rule known to Plaintiff provides notice, a statement of reasons, a hearing or review before a pass is revoked.

16. The District Executive's office has not published the criteria for in-house press status in this District, who decides it, or how a decision is reviewed. Nor have he and Loguercio responded to Plaintiff's written requests to be granted such

status or to be informed of the criteria. At the US . Clase final pre-trial conference on October 30, 2026 it was said that only in-house reporter(s) could be in the courtroom. Plaintiff requested a live video feed to an overflow courtroom and was told one would be provided. But it was not, either during jury selection nor on November 4 for the opening statements when Plaintiffs was targeted and escorted out of the EDNY Courthouse.

**C. Defendants' earlier dealings with Plaintiff**

17. In August 2022, after Plaintiff's coverage of the remand of Willie Junior Maxwell II, Defendant Marzulli excluded or limited Inner City Press from information provided by USAO-EDNY, and later convened a call with Plaintiff about it. Marzulli made clear he believed it legitimate to control access to government information based on whether he liked or disliked a media's coverage; by November 4, 2026 he appeared to believe it legitimate for the US Attorney's Office to target and get escorted out a media based on its reporting.

18. On or about October 4, 2022, after repeated requests for press access and in-house status, Plaintiff met with Defendant Corcoran concerning Plaintiff's press access to Eastern District courthouses. He was told that the judges there do not like live tweeting.

**D. November 3, 2026**

19. On November 3, 2026, Plaintiff emailed letters to seven Eastern District judges asking that the immigration habeas corpus cases they preside over be made public. USAO-EDNY represents the government in those cases.

20. Plaintiff had also asked in writing that the overflow courtroom for the Clase trial be repaired, and on November 3 he told Judge Matsumoto in the hallway that it was not working. She responded that the Court was looking into it.

**E. November 4, 2026**

21. On the morning of November 4, 2026, the overflow room for the Clase trial was still not working, and Plaintiff was in the courtroom.

22. Plaintiff briefly used his phone in the courtroom. Other journalists, including journalists holding trial-specific passes, and in-house journalists as well as other EDNY-admitted attorneys like Plaintiff were openly using phones in the courtroom that morning.

23. No Court Security Officer and no representative of the District Executive's office was in the courtroom. No judge addressed Plaintiff's use of a device.

24. Defendant Marzulli came over to Plaintiff, called him into the hallway, and announced that he was contacting "Gene Corcoran."

25. Defendant Loguercio soon thereafter arrived on the tenth floor, on a bench in front of the failed overflow courtroom where Plaintiff was processing the handwritten notes it had taken during the US v. Clase, et al. opening statements and first Government witness. Court Security Officers, at Loguercio's direction, took Plaintiff's press passes for the Clase and Huawei trials and escorted him out of the courthouse.

26. Plaintiff told both Marzulli and then Loguercio that he is an attorney admitted to this District and showed Defendant Loguercio his certificate of admission. He was told that notwithstanding or in open defiance of the published rule he could not bring a phone or laptop into the courthouse.

27. Plaintiff received no prior notice, no statement of reasons, and no opportunity to respond.

28. No other journalist or attorney who used a phone in the courtroom that morning was removed. A FOIA request with expedition request has been denied by DOJ EOUSA Assistant Director Kevin Krebs, who wrote on November 9, 2026: "I have determined that your request for expedited processing under these standards should be denied." Appeal has been taken with no response much less responsive documents.

29. On information and belief, Defendant Marzulli's communication to the District Executive's office was the sole reason for Plaintiff's removal. Defendants

have identified no other. The sequence raised serious separation of powers problems to be address in this litigation.

**F. Plaintiff's exclusion since November 4**

30. Plaintiff's press passes have not been returned.

31. Plaintiff has written to the presiding judges in both trials, Judge Matsumoto and Judge Donnelly, and has received no response. Given the lack of clarity - including the statement that even as an admitted attorney Plaintiff cannot bring in electronics - Plaintiff has not entered the courthouse, in order to avoid facing even further restriction, lawless and perhaps permanent.

32. Plaintiff has also been unable to use the public terminal in the Eastern District courthouse. On November 4, 2026, in Cepeda Guaman v. Maldonado, 26-cv-5827, EDNY District Judge Rachel P. Kovner stated that "requests for court action are not accepted by e-mail" and should be filed through ECF or the Clerk's Office. Plaintiff cannot reach the Clerk's Office while he is excluded from the courthouse. On November 11, 2026 Judge Kovner denied the request to make the habeas / ICE case public outside the courthouse.

**G. In-house press status**

33. In-house press status allows a credentialed journalist recurring access to courthouses without applying for each trial. In practice is seems to mean the in-

house journalist can bring electronics into courtrooms as took place on November 4, without fear of being removed and escorted out of the courthouse.

34. Plaintiff has asked the District Executive's office to explain the criteria for in-house status in this District and has received no explanation.

35. Without in-house status, Plaintiff's access depends on trial-by-trial passes that may be taken at any time without notice, as happened on November 4, 2026.

**H. Harm**

36. Each day the Clase and Huawei trials continue, Plaintiff loses the ability to report on them from inside the courtroom and loses coverage that cannot be recovered later.

37. Defendants' action also deters Plaintiff and other journalists from reporting on, and seeking public access to, the work of USAO-EDNY and the EDNY Court.

38. The injury is continuing and will recur unless Defendants are enjoined.

**COUNT I**

**First Amendment: Retaliation (All Defendants)**

39. Plaintiff repeats the preceding paragraphs.

40. Plaintiff's newsgathering and reporting, and his November 3 requests for public access to court records, are protected by the First Amendment.

41. Removing Plaintiff from the courthouse and revoking his press passes is adverse action that would deter a person of ordinary firmness from continuing to report.

42. Defendants Corcoran and Loguercio took that action. Defendants Marzulli and Nocella induced it by communicating to the District Executive's office that Plaintiff should be removed.

43. The action was motivated by Plaintiff's protected activity, as shown by Defendant Marzulli's statement in the hallway, the timing one day after Plaintiff's November 3 requests, the 2022 history, and the fact that no one else who used a phone was removed.

44. The action violated the First Amendment.

## COUNT II

### First Amendment: Access and Selective Enforcement (Corcoran, Loguercio)

45. Plaintiff repeats the preceding paragraphs.

46. The public and the press have a First Amendment right of access to criminal trials, and a courthouse is a nonpublic forum in which restrictions must be reasonable and viewpoint neutral.

47. Defendants applied a restriction on devices to Plaintiff but not to others who did the same thing, without findings and without an order of the presiding judge.

48. The removal was neither reasonable nor viewpoint neutral and violated the First Amendment.

**COUNT III**

**Fifth Amendment: Due Process (Corcoran, Loguercio)**

49. Plaintiff repeats the preceding paragraphs.

50. Plaintiff holds a liberty and property interest in the press credentials issued to him and in the access they provide to cover public trials.

51. Defendants revoked those credentials without notice, a statement of reasons, or an opportunity to be heard, and maintain no published, neutral criteria or procedure for granting, denying or revoking press credentials, including in-house status.

52. The revocation violated the Due Process Clause.

**COUNT IV**

**Declaratory Judgment, 28 U.S.C. § 2201 (All Defendants)**

53. Plaintiff repeats the preceding paragraphs.

54. An actual controversy exists about the lawfulness of Plaintiff's removal and of any future revocation of his access on the same basis.

**PRAYER FOR RELIEF**

Plaintiff seeks no damages. He asks the Court to:

(a) declare that Defendants' removal of Plaintiff from the courthouse and revocation of his press passes on November 4, 2026 violated the First and Fifth Amendments;

(b) order Defendants Corcoran and Loguercio to restore Plaintiff's press passes for United States v. Clase de la Cruz and United States v. Huawei and to permit him the same use of electronic devices as other attorneys admitted to the Eastern District, subject to the order of any presiding judge;

(c) order Defendants Corcoran and Loguercio to grant Plaintiff in-house press status at Eastern District courthouses on the same terms as other credentialed journalists or, in the alternative, to publish the criteria for in-house status, decide Plaintiff's application within a fixed time, and give written reasons for any denial;

(d) enjoin Defendants from removing, restricting or revoking Plaintiff's access, passes or device use without prior written notice, a statement of reasons and a prompt opportunity to respond, except on the order of a presiding judge;

(e) enjoin Defendants Marzulli and Nocella from asking or inducing any court official to restrict Plaintiff's access because of his reporting;

(f) order Defendants to preserve all video, logs, messages and records concerning November 4, 2026, and permit expedited discovery;

(g) award Plaintiff his costs under 28 U.S.C. § 2412(a) and his reasonable attorney's fees and expenses under 28 U.S.C. § 2412(b) and (d), to the extent permitted, and grant any other proper relief.

Dated: New York, New York
November 11, 2026

Respectfully submitted,

/s/ Matthew Russell Lee

______________________________

Matthew Russell Lee
Plaintiff, pro se (reporter for Inner City Press)
PO Box 130222, New York, NY 10013
matthew.lee@innercitypress.com 718-716-3540

**VERIFICATION**

I, Matthew Russell Lee, declare under penalty of perjury under 28 U.S.C. § 1746 that I have read the foregoing Complaint and that the facts stated in it are true and correct, except those stated on information and belief, which I believe to be true.

Dated: New York, New York
November 11, 2026

/s/ Matthew Russell Lee

______________________________

Matthew Russell Lee
Plaintiff, pro se (reporter for Inner City Press)
PO Box 130222, New York, NY 10013
matthew.lee@innercitypress.com 718-716-3540