**VIA ECF**

November 16, 2026

Hon. J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square, New York, NY 10007

**Re: *Lee v. Corcoran, et al.*, 26-CV-9896 (JPO) – Response to ECF No. 28 and Letter-Motion for Clarification by Defendants by Tomorrow Morning**

Dear Judge Oetken:

I write in response to the Court's Order of today (ECF No. 28) and to ask in the context described below that Defendants be directed to give the clarification the Order calls for by 10:00 a.m. tomorrow, Tuesday, November 17, instead of Wednesday.

**Entry today.** Today, November 16, 2026, I entered the Eastern District courthouse and attended proceedings in courtrooms for four trials, including Huawei (in overflow courtroom), Clase, Manuchekhri and a criminal trial before Judge LaShann DeArcy Hall that is not listed in the EDNY Calendar on PACER, nor on the screens in the Clerk's Office.

In the US v. Clase courtroom, the one I was ordered out of by Defendant Marzulli, I took notes while at least two people in the courtroom gallery used phones. The sign on the door prohibits the use of phones and electronics in the courtroom, not possessing them unused inside. Two were using them.

In the Huawei overflow courtroom, Judge Donnelly's assigned courtroom, there were at least five laptops being used, and an equal number of cellphones.

In Judge DeArcy Hall's trial, same: use of phones.

In the US v. Manuchekhri courtroom, I saw both laptop and phone being used, the later by a lawyer I know from SDNY.

I write this now, and sent it from the dusk in Cadman Plaza Park, because I believe the Court should know and act on that the Defendants know or should know how extensive the use of electronics in their courtrooms are, yet singled me out for escort out of the courthouse on November 4, and unclarity since and ongoing.

Why did they do it? While this will be developed in the context of motion for preliminary injunction and amended complaint, I have been informed that both Defendant Marzulli (to journalists) and Defendant Corcoran have stated that my reported on Inner City Press was so detailed it was somehow suspect. This again is the definitely of retaliatory action on content.

I will now head back to the SDNY Press Room to write my article about the four trial, and other proceedings including a 13 months VOSR sentence by Judge Amon, and a courtroom sealed by Judge Reyes for a defendant charged with abuse as an officer in the MDC. That others can report in real time (those many using laptops and phones) and nearly so, without worry about using their laptops elsewhere in the courthouse, is a First Amendment harm.

In this context I respectfully ask that the Court direct Defendants Corcoran and Loguercio to state in writing by 10:00 a.m. tomorrow:

1. whether, as an attorney admitted to the Eastern District, I may bring my electronic devices into the courthouse and keep them with me, notwithstanding the revocation of my press passes;
2. whether I may use them outside courtrooms, for example in the cafeteria, to prepare reports, and what provision of Administrative Order 2025-02 or any other rule supports any limit; and
3. whether my passes for the *Clase* and *Huawei* trials will be restored.

Defendants already must address the first point by Wednesday under ECF No. 28. An earlier answer would let me attend the remaining days of the *Clase* and *Huawei* (and others) trials without risking another removal.

Thank you for the Court's consideration.

Respectfully submitted,

Matthew Russell Lee
Inner City Press
PO Box 130222, Chinatown Station
New York, NY 10013
matthew.lee@innercitypress.com
718-716-3540
Plaintiff, pro se