**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

November 18, 2026

**Via ECF**
Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007-1312

**Re: *Lee v. Corcoran et al.*, No. 26 Civ. 9896**

Dear Judge Oetken:

This Office ("the Government") represents Defendants Eugene J. Corcoran, in his official capacity as District Executive of the U.S. District Court for the Eastern District of New York; Michael Loguercio, in his official capacity as an employee of the District Executive's office; John Marzulli, in his official capacity as spokesman for the U.S. Attorney's Office for the Eastern District of New York; and Joseph Nocella, Jr., in his official capacity as U.S. Attorney for the Eastern District of New York, in the above-referenced action and application for emergency relief brought by Plaintiff Matthew Russell Lee. On November 15, 2026, the Court denied Plaintiff's motion for a temporary restraining order, concluding that Plaintiff had failed to show a likelihood of success on the merits or irreparable harm. Plaintiff then filed a motion for reconsideration, seeking expedited briefing. *See* ECF Nos. 25, 27. The Government submits this letter brief in opposition to Plaintiff's motion for reconsideration. *See* ECF No. 28.

The District Executive has informed the Government that it will return Plaintiff's press credentials for the trials in *United States v. Huawei*, 18-cr-457 (AMD) and *United States v. Clase, et al.*, 25-cr-346 (KAM). Further, the District Executive has confirmed that its position is that Administrative Order No. 2025-02 permits attorneys admitted in the Eastern District, including Plaintiff, to bring their electronic devices into the courthouse notwithstanding any prior revocation of their press credentials. However, all persons, including attorneys, must still abide by judge-specific rules limiting the use of electronic devices in the courtroom. The District Executive would agree to enter into a stipulation to be so-ordered to this effect.

In light of these developments, Plaintiff's motion for reconsideration seeking restoration of his press credentials should be denied as moot. *See Doe v. McDonald*, 128 F.4th 379, 385 (2d Cir. 2025) (issue is moot when it is "no longer live" because there is "no reasonable expectation that the alleged violation will occur" and plaintiff has obtained "interim relief" that has "eradicated the effects of the alleged violation" (further quotation omitted)); *cf. Ansari v. Tellez*, 2021 WL 2010399, at *3 (E.D.N.Y. Apr. 14, 2021) (denying as moot motion for reconsideration of denial

of injunctive relief challenging prisoner's confinement at MDC Brooklyn because BOP subsequently transferred prisoner to new facility).[1]

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York
*Attorney for the Government*

*/s/ Pierre G. Armand*

BY: GREGORY MARGOLIS
PIERRE G. ARMAND
Assistant United States Attorneys
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
(212) 637-2677/2724
gregory.margolis@usdoj.gov
pierre.armand@usdoj.gov

cc: All Counsel of Record (via ECF)

[1] For the same reasons, the Government also submits that Plaintiff's motion for a preliminary injunction should be denied as moot *See, e.g.*, *Int'l Gemological Institute v. Independent Gemological Labs, Inc.*, No. 00 Civ. 4897 (LAK), 2000 WL 1278179, at *1 (S.D.N.Y. Sept. 7, 2000) (denying preliminary injunction motion where defendant ceased challenged conduct); *American Freedom Defense Initiative v. Metropolitan Transport. Auth.*, 109 F. Supp. 3d 626, 633 (S.D.N.Y. 2015) (plaintiffs' request for injunctive relief was moot where challenged conduct was not continuing).