**VIA ECF**

November 18, 2026

Hon. J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square, New York, NY 10007

**Re: *Lee v. Corcoran, et al.*, 26-CV-9896 (JPO) – Supplement to ECF No. 29: Further Events at the Eastern District Bearing on Access and Retaliation**

Dear Judge Oetken:

I write to supplement my letter of November 16 (ECF No. 29), which responded to the Court's Order (ECF No. 28). As of 10:00 a.m. yesterday, I had received no answer to the request in that letter that Defendants clarify by that time whether I may bring and use my devices, or whether the *Clase* and *Huawei* passes will be restored. Defendants' response under ECF No. 28 is due today, and I will reply promptly. I file this from the park outside the EDNY courthouse during the lunch break, since I am not sure I will be able to again by 5 pm.

First, I must emphasize how extensive the open use of cell phones and laptops in the EDNY courtroom is, making Defendant Marzulli's targeting of me, and the District Executive confiscating my press passes and having me escorted out was. As simply example, yesterday in the Huawei overflow courtroom, there dozens of phones and laptops in use. Today in the Clase trial, at least two people in my (November 4) situation were using phones.

Meanwhile, when during a break I went to cover a change of plea proceeding before Judge Orelia Merchant, the courtroom deputy immediately came back to the gallery where I was one of only two people and said, "No devices, right?" I have never had that asked before, and I had never been in that courtroom before. I will like discovery to be conducted into this.

**A second access problem this morning.** A status conference in *United States v. Jeffries, et al.* in the Eastern District is scheduled for this afternoon by Zoom. The public docket did not list a public call-in or listen-only line. Defendant Marzulli emailed to his press list - which for now I am still on, having previously been removed in an incident that will make a part, but only a part, of the retaliation showing going forward. This morning Marzulli wrote:

"From: **Marzulli, John (USANYE)** <John.Marzulli@usdoj.gov>
Date: Wed, Nov 18, 2026 at 9:18 AM
Subject: VIRTUAL pre-trial conference this afternoon U.S. v. Michael Jeffries et al. (former Abercrombie and Fitch CEO)
To:

The Court will provide a Zoom invitation to the parties closer to the conference date. The **virtual** proceedings will be open to the public; nonparties are welcome to attend via telephone. To receive a telephone invitation, nonparties may contact the District Executive's Office at 718-613-2260."

I emailed the Chambers of Judge Nusrat J. Choudhury "regarding the status conference scheduled for this afternoon via Zoom. The public docket does not contain the required public disclosure of a public call-in line." I asked that one be docketed. None has been, and the conference (which began at 1 pm) may well be over as this is being filed.

This shows, specifically, how in EDNY is not enough to be a member of the public with those right to have access to cover proceedings. Marzulli only sent notice to his press, from which one can be removed in retaliation, and receiving the public call-in line requires the approval of the District Executive.

This shows the same mechanism as in this case: access to the public's business at the Eastern District is controlled by two offices, the District Executive's and the U.S. Attorney's spokesman, in a way that is not published and cannot be reviewed. The public is told neither the criteria nor the channel. That is the unbridled discretion over access that I allege in the complaint, and that the Court's Order (ECF No. 28) asks Defendants to address in part.

This also shows the coordination between Defendants Marzulli and Corcoran that I allege caused my removal on November 4. The same two offices that decided who could remain in a courtroom are now also deciding who may listen to a criminal hearing.

I raise this now because it is a further event after my November 16 letter, because it concerns the same Defendants and the same access question, and because it suggests that Defendants' answer about devices cannot be treated as a narrow question about one administrative order.

**Request.** I respectfully additionally - beyond clarifying that as an EDNY admitted attorney I can use my electronics in the areas of the courthouse in which other attorneys can use theirs - ask that the Court:

1. direct Defendants, in their response due today, also to state whether public call-in and listen-only information for Eastern District criminal proceedings is distributed through the District Executive's office or the U.S. Attorney's spokesman, and under what written criteria; and
2. take this letter into account in considering the reconsideration and clarification requests and in setting the schedule for the amended complaint and motion for a preliminary injunction, which I hope to file shortly.

Thank you for the Court's consideration.

Respectfully submitted,

Matthew Russell Lee, Inner City Press
PO Box 130222, New York, NY 10013
matthew.lee@innercitypress.com 718-716-3540